WILLIAM MATTOCKS *vs.* AARON BELLAMY.

CALEDONIA,
March,
1836.

A deposition may be taken by a justice of the peace in the state of New York, to be used in Vermont.

That the adverse party resided within 30 miles of the place of caption of a deposition, at the time of the *service of the writ*, does not contradict the certificate of the justice, that he resided more than 30 miles distant at the time of caption.

A writ of *habeas corpus*, returned into court and lodged in the files, may be shown by a copy duly certified by the clerk.

That the proceedings of the county court are erroneous, must appear by the record, or they will be presumed to be correct.

No presumption of payment of a bond can arise from *mere lapse of time* of any period short of twenty years.

This was an action on a jail bond, executed in 1808, to the sheriff of the city of Vergennes, for Jabez Fitch, for the liberties of the city prison on an execution in favor of the plaintiff, and assigned to the plaintiff. The defendant pleaded *non est factum* as to the bond and assignment, and several pleas in bar, among which were pleas of payment and of an act of suspension in favor of said Fitch; On all which issue was joined except the last which was demurred to. On the trial of said issues the plaintiff, among other testimony, offered the deposition of Amos W. Barnum, to the admission of which the defendant objected, the same being taken without notice, on the ground that the defendant did reside within thirty miles of the place of caption, and to show this he showed he did so reside at the time of the service of the original writ in this action. No other evidence was offered on either side on this point. The court admitted the deposition. The plaintiff also offered the deposition of one Sickles, taken by a justice of the peace in the state of New York, which was objected to by the defendant, and admitted by the court.

It was conceded that in 1814, Fitch was at large out of the liberties of the prison. The defendant gave evidence tending to show, that as early as the winter of 1809–'10, Fitch escaped from the liberties of the prison. The plaintiff then offered in evidence a certified copy of a writ of *habeas corpus* granted by the supreme court, with the officers return thereon. To this the defendant objected, but the same was admitted by the court.

The defendant's counsel requested the court to charge the jury, if Fitch departed from the liberties of the prison and was publicly and notoriously at large fifteen years or more before the assignment of the bond to the plaintiff, the jury might presume the pay-

CALEDONIA,
*March,*
1836.

Mattocks
*vs.*
Bellamy.

ment of the judgment debt; and further requested the court to instruct the jury that the plaintiff could not recover a greater sum than the penalty of the bond.

The court instructed the jury, that unless the defendant proved that the debtor escaped from the liberties of the prison twenty years prior to the date of the plaintiff's writ, it would not afford such evidence of payment as the plaintiff would be bound to rebut by other proof; but that if the defendant relied upon the lapse of time less than twenty years as evidence from which the jury were to presume payment of the debt, it was incumbent upon him, either to fortify this presumption by proof of other circumstances in the case, which made this presumption probable, or at least to remove all grounds of presumption to the contrary. That the plaintiff would be entitled to recover, if at all, the amount of his judgment debt and interest from the rendition thereof, if that did not exceed the amount of the penalty of the bond and interest on that penalty after breach, though this should bring the amount above the penalty of the bond. Verdict and judgment for the plaintiff, defendant excepted, and the cause passed to this court.

*Upham for defendant.*—The first question arises upon the decision of the court below, in admitting the deposition of Amos W. Barnum. This deposition, we insist, ought not to have been admitted, because it was taken without notice to defendant. At the time of the service of the plaintiff's writ, the defendant lived at Shelburn, within less than thirty miles of Vergennes, where said deposition was taken, and there was no evidence tending to show, that he had changed his domicil, save what appeared from the caption of the deposition.

2. The deposition of Sickles was improperly admitted. This deposition was taken in the state of New York, by a person styling himself a justice of the peace. The deposition should have been excluded; *First,* because a justice of the peace in the state of New York has no authority to take a deposition, and administer an oath to the deponent. And; *Secondly,* because it was not proved that the person who took it, and administered the oath to the deponent, was a justice of the peace, or that he, in any other instance, ever acted as a justice of the peace.

3. The copy of the writ of *habeas corpus* should have been excluded as inadmissible evidence in the case. It is not a writ required to be recorded, and no judicial proceeding is to be had upon it by the court. Consequently a certified copy of it by the clerk of the court, is not legal evidence. Again, it was irrelevant,

CALEDONIA,
March,
1836.

Mattocks
vs.
Bellamy.

and had no tendency to show that Fitch did not escape in 1809 or 1810.

4. The court should have charged the jury, if they found that Fitch, the judgment debtor, departed from the limits of the jail-yard, and was publicly and notoriously at large, out of the jail limits, fifteen years or more before the assignment of the jail bond to the plaintiff, they might presume the payment of the judgment debt, and return a verdict for defendant.

In England, and in some of our sister states, I am aware, that twenty years is the time fixed upon for raising the presumption of payment from the lapse of time, where there is no statute limit. But that period was fixed upon in analogy to the statute of limitation, barring the right of entry in twenty years.—*Sumner* vs. *Child*, 2 Conn. R. 615.—*Moore* vs. *Cable*, 1 John. Ch. R. 386.—*Demaret* vs. *Wincoop*, 3 John. Ch. R. 135.

Our statute of limitation bars the right of entry in fifteen years, and the same presumption of payment should arise here, in fifteen years, that arises in England and New York, in twenty years. It has been frequently adjudged in this state, that a right to use water or flow land is acquired in fifteen years. These decisions, I apprehend, were made in analogy to our statute of limitation, barring the right of entry in fifteen years.—1 Vt. R. 54. Why then, should not the presumption of the payment of a bond arise in the same length of time ?—See *Sumner* vs. *Child*, 2 Conn. R. 115. Twenty years is not always required to raise the presumption of payment in those states where the right of entry is limited to twenty years.

In *Jackson* vs. *Pratt*, 10 John. 381, the court ruled that the jury might presume a mortgage debt paid from the lapse of nineteen years.

In the case at bar, eighteen years elapsed after the escape before the assignment of the bond to the plaintiff, and we think the court should have charged the jury that they were at liberty to presume the debt paid.—*Lesley* vs. *Nones*, 7 Ser. & Raw. 410. —3 Stark. Ev. 1090, n. 2.—*Ex. of Clark* vs. *Hopkins*, 7 John. R. 556.—2 Stark. Ev. 310, n. 1.—*Oswald* vs. *Legh*, 1 T. R. 270.—*Hazard* vs. *Martin*, 2 Vt. R. 77.—3 Vt. R. 543.—*Rex* vs. *Stephens*, 1 Brown. 333.—*The Mayor of Hull* vs. *Horn*, 1 Cowp. 109, 214.—6 Mod. 22.—4 Bur. 1663.—1 Str. 652.— 2 Str. 826.—*Willard et ux. Administrator* vs. *Parr*, 3 Mason's R. 163-4.

There was error, we think, in the court below, in charging the

CALEDONIA,
*March*,
1836

Mattocks
*vs.*
Bellamy.

jury, that " if defendant relied upon the lapse of any less term of time than twenty years, as evidence from which the jury were to presume payment of the debt, it was incumbent upon him either to fortify this presumption by proof of other circumstances in the case which made the presumption probable, or at least, to remove all grounds of presumption to the contrary." Now, we insist, that after the lapse of eighteen years from the escape to the assignment of the bond, it was incumbent on the plaintiff to account for the delay, before he could recover his debt from the surety on the bond.

In *A' Court* vs. *Cross,* 3 Bing. 329, the court declared that " long dormant claims have more of cruelty than of justice in them, and that christianity forbids an attempt at enforcing the payment of a debt, which time and misfortune have rendered the debtor unable to discharge."

After the lapse of twenty years, unless there are circumstances accounting for the delay, a presumption of satisfaction arises, which is not subject to the discretion of the jury, being a presumption of law.—*Cape* vs. *Humphries,* 14 Serg. & Raw. 15·—*Oswald* vs. *Legh,* 1 Tr. R. 220.—*Holcroft* vs. *Heel,* 1 B. & P. 400.—3 Stark. Ev. 1090, n. 2. But where the defendant relies upon any period of time short of twenty years, the presumption of satisfaction should be submitted to the discretion of the jury.

5. The plaintiff could not recover more than the penalty of his bond, and the charge in this was erroneous.

*W. Mattocks pro se.*—1. The deposition of Barnum, admissable, for the court will not presume the defendant did not remove his residence after service of the writ.

2. The deposition of Sickles admissable, as a justice of the peace by the law of New York, is authorized to take such deposition.

3. The copy of the *habeas corpus* was admissable, because it was a judicial proceeding, and matter of record, proper to meet defendant's testimony.

4. Without qualifying circumstances, twenty years is the least time from which payment of a bond will be presumed.—1 Selwyn 587, note.—Phillips 114.—*Oswald* vs. *Legh,* 1 Tr. R. 270.— *Cottle* vs. *Payne,* 3 Day 292.—*Dunlap* vs. *Bale,* 2 Cranch 186. —Fonblanque 266.—*Searle* vs. *Lord Barrington,* 2 Ld. R. 1370.—3 Stark. Ev. 1089.—1 Bla. R. 532.

5. But whether fifteen or twenty years will raise a presumption

of payment, still this time will not, even in the case of a statute, run against one until he knows of his claim, and cause of action.— Fonbl. 260-1-2, note.—3 Mass. R. 201.—18 Mass. R. 435.—1 Aik. 232.—1 Selwyn 527, note.

CALEDONIA,
*March,*
1836.

Mattocks
*vs.*
Bellamy.

6. The court will judically take notice by the defendant's plea, that Fitch procured an act of suspension, and that until the decision of *Ward* vs. *Barnard*, 1 Aik. 121, those acts were supposed sufficient, and this is a sufficient accounting for plaintiff's delay.

7. Plaintiff is entitled to recover the amount of his judgment debt and interest if that does not exceed the penalty of the bond and interest thereon.—1 Mass. R. 308.—2 do. 118.—2 Tr. R. 388.—2 Dall. 253.—4 Dall. 149.—2 Stark. Ev. 1133.-13 East. 343.—4 Cranch. 333.

The opinion of the court was delivered by

COLLAMER, J.—As to the deposition of Barnum, the justice certifies that the defendant resided more than thirty miles from the place of caption. This clearly means *at the time of caption.* This certificate was subject to being contradicted by competent proof, and if so done, the deposition should have been rejected. This is, nevertheless, a mere question of fact, for the county court to decide, whether the certificate is contradicted by such evidence as that court *believe.* It is not obvious how the conduct of that court can be assigned for error on that point, unless by stating the facts and all the facts found by the court. In this case, we do not consider that the fact, that the defendant resided within thirty miles of the place of caption, at the time of the service of the writ, contradicted or disproved the certificate, that he resided more than thirty miles from that place, a year after said service, when the deposition was taken.

As to the deposition of Sickles, it now appears, that a justice of the peace in the state of New York, is by statute, there authorized to take depositions to be used in those states where depositions are admissible.

A copy of a writ of *habeas corpus ad testificandum,* certified by the clerk of the court, before whom the writ was returnable, and in whose files it remained, was admitted, though objected to. If a paper be of that character, that when produced, its *execution* must be proved, then the original must be shown or its loss or destruction proved before a copy is admissible. This writ, is obviously of that public and official character that its execution would not be required to be proved, if produced from the proper public de-

CALEDONIA,
March,
1836.

Mattocks
vs.
Bellamy.

pository. It was then proper to be shown by copy. Must this be a sworn copy, or may it be a copy attested by the clerk. This writ, was returned into court, and now constitutes a part of the files and muniments of the clerk's office. If this were from another state, it should be authenticated agreeable to the United States statute. It has been the uniform practice of this state so far as we are informed, to admit and even prefer the copy attested by the clerk, not only of *records*, technically so called, but also, of all papers, files, rolls, &c., legally deposited in his office and there required to remain. For instance, all the proceedings and decrees in chancery, though strictly speaking, the court of chancery is not a court of record. This practice, we perceive no occasion to disapprove, considering it furnishing as high a degree of certainty as sworn copies can.

It is however urged, that the paper did not relate to the issue and therefore, was improperly admitted. It is obvious, that the case is not drawn up with reference to such a point. It may have been important testimony for the plaintiff, if the evidence which the defendant introduced, tending to show, that *Fitch* departed the liberties of the prison in 1809, tended to show he went out under the custody of an officer to give evidence in a cause, at the very date of the return on said writ. This court will always presume the proceedings of the county court to be correct, until the case, on record, shows them to be erroneous. From the present record it is impossible to say whether the testimony was relevant or not. It seems to have been given by the plaintiff as rebutting testimony, but what was the exact testimony which had been put in by the defendant, does not appear, no more than its ultimate tendency. We cannot, therefore say, the proceedings of the county court were erroneous, on this point.

That the lapse of some period of time would naturally lead the mind to the conclusion, that an obligation must have been fulfilled, is extremely obvious. Such a point, must have early arisen and called for some rule of law, or each cause must have been left to the ever varying opinions of the different juries which might try it. The necessity of some time certain being fixed, is apparent. Legislation fixed these periods by statutes of limitation, in most cases, and the courts in others. This, both must do arbitrarily, in the nature of the thing. For though reason demanded that some time should be fixed, she intimated *no particular time*, much less, a different time to each different class of claims. In relation to bonds, for which there is no statute of limitation. the courts fixed the period at twenty years, at which the presumption of payment

will arise and call for explanatory or rebutting proof from the claim-
ant. This has come down to us as a part of the common law,
which it is the course of safe precedent to follow. To change it
now, especially for pre-existing cases, partakes much of judicial
legislation. The defendant's counsel insist, that this period of
*twenty years*, was first fixed in England and followed in New
York in analogy with the period in which the entry on lands or
the action of ejectment was barred by the statute of limitation, and
that to preserve the analogy, we should settle upon fifteen years in
pursuance of our statute, as to ejectment, as the court have done
in relation to presuming grants upon fifteen years user.

The attempt to sustain the idea of perfect symmetry in our sys-
tem, is neither a very certain or safe guide in duty. To do this,
we must search for analogies often fanciful. In relation to water
privileges, ways, easements and incorporeal hereditaments, growing
out of, and attached to lands, and in relation to mortgages, tenan-
cies, &c., the analogy to ejectment is obvious; and therefore, in re-
lation to those, the same period of time has been adopted. But it
is far from obvious how this *debt and bond* in any way resembles
or bears analogy to lands, or has any connexion therewith, in this
country. It would seem more to resemble a covenant, for which
we have a statute. How the period of *twenty* years was first fix-
ed in England as the time which would create a presumption of
payment of a specialty, is not certain. It might there have been
considered as connected with land and leaning thereon, because the
heir to whom the land descends is bound for *specialty* debts : "So
it may be called, though not a direct, yet a collateral charge upon
the lands."—(2 Black. Com. 340.) However this may be there,
we consider it our duty and most safe to follow the rule as we
find it.

It is however insisted, that by law, a period less than twenty
years ought, by the court, to have been left to the jury, with instruc-
tions that the jury *might* therefrom presume payment. Some ca-
ses have been produced as favoring such a principle, especialy the
case of *Jackson* vs. *Pratt*, (10 John. R. 381.) That was an ac-
tion of ejectment, in which the defendant attempted to set up an
outstanding mortgage, about forty years old. On this mortgage,
some payments appeared to have been made ; but for nineteen
years, no claim had been made, nor rent paid, nor possession taken,
or any step taken to put the mortgage in force; and the judge
says, "from all these circumstances, the jury might have been war-
ranted in finding the debt paid." It is undoubtedly true that any

CALEDONIA,
*March,*
1836.

Mattocks
*vs.*
Bellamy.

lapse of time, however short, might be an ingredient in a composition of circumstances, from which a jury might be convinced that a debt was paid.   Where there is a statute of limitation, no *period* short of that will, unaccompanied with other circumstances, create a bar, or call for evidence to explain it.   Where there is no statute, as in this case, no period short of twenty years has, *alone,* been considered as creating a presumption of payment, or been left to the jury for that purpose.   Indeed, so to do, would entirely defeat all benefit from any *certain* rule on the subject, and would leave again each case to the credulity and caprice of differing juries.

Another question arises in relation to the rule of damages : Can the plaintiff recover more than the penalty of the bond, or can interest be cast on that penalty ?   There appears to have been very great fluctuation in the decisions on this subject.—(They will be found collected in 1 Pow. on Mort. 155, note.)   It is to be considered that this is an action against a surety, and not on a bond for the payment of money, but for the jail liberties.   The better and more modern opinion seems to be, in relation to such a case, that the penalty is all that can be recovered.—*White* vs. *Sealey,* Doug. 49—*Brangwin* vs. *Perreat,* 2 Wm. Black. 1190—*Tew* vs. *Winterton,* 3 Bro. C. C. 489—*Wilde* vs. *Clarkson,* 6 T. R. 304.

Indeed our statute, like that of 8 and 9 William III., seems very distinctly to provide that in all actions for penalties, on breach being shown, judgment shall be entered for the penalty, and execution granted for the damages.   This implies that the penalty shall not be exceeded.   We say nothing how it would be as to a money bond as against principal only.

Judgment reversed for all the damages beyond the penalty of the bond ;—affirmed as to the balance.