THE SELECTMEN OF GLOVER *v.* GEORGE W. McGAFFEY AND OTHERS.

[IN CHANCERY.]

*Damages.    Injunction Bond.    Defendant can Recover No greater Damages than the Penalty of the Bond.*

On the dissolution of an injunction granted on condition that a bond of a specified amount be filed, and the bond was filed, with no other order as to payment of damages, which might result from granting the injunction, the defendant can recover no greater amount than the penalty of the bond. If the injunction had issued, conditioned that the orators pay all the damages sustained, the case might merit a different conclusion.

QUESTION of damages on dissolution of an injunction. Heard, February Term, 1883, Orleans County, REDFIELD, Chancellor, denied a reference moved for to ascertain the amount of damages, and decreed that the defendants recover only $500 as injunction damages, the amount of the bond. The case is stated in the opinion of the court.

*F. W. Baldwin* and *C. A. Prouty*, for the defendant.

No aid is likely to be found in the decisions of the State or U. S. courts, since nearly all these have been made in suits brought on the bond. In England the practice seems to have been until quite recently like ours. The question of injunction damages was referred to a master and on the coming in of his report the court decreed their payment as a part of the original

suit, and the defendant could recover the whole of his damages. *Novello* v. *James*, 5 De G. M. & G. 876. Chancellor Walworth in *The Cayuga Bridge Co* v. *Magee*, 2 Paige, 116, held that he had no power to award injunction damages; but our court held the other way in *Sturgis* v. *Knapp*, 33 Vt. 486. The question about which the court was evenly divided in *Sturgis* v. *Knapp* as to what conditions the chancellor *did* impose when he granted the injunction; that is the only one here. When chancellor Powers issued this injunction he *might* have given these orators to understand that they would be required to pay no damages, or the whole, or only a part; and they would be bound now by his intimation then. What *did* he give them to understand?

Whatever notice they had is to be derived from the injunction itself. Now was this notice to the orators that they would be required to pay to the defendant no damages, or damages up to $500, or "such damages as he might sustain by reason of the injunction?"

There is no reason for saying that the orators would be liable up to $500, and no farther; and, certainly no justice. *Russell* v. *Farley*, U. S. Sup. Ct. 1881; *Judevine* v. *Agate*, 3 Sim. 129; *Marshall* v. *Winter*, 43 Miss. 666; *White's Executors* v. *Guthrie* 1 Marsh (J. J.) 103; *Hard* v. *Trimble*, 1 Litt. 413.

*L. H. Thompson* and *Grout & Miles*, for the orators.

It seems that it is now the usual course under the English practice, especially in *ex-parte* injunctions, to require the petitioner, as a condition precedent to the issuing of the writ, to enter into an undertaking that he will pay all damages occasioned by the injunction; but the decisions and the practice clearly show that without such an express undertaking, the petitioner would not be liable for such damages. 3 Dan. Ch. Pl. & Pr. (3 Am. ed.) 1772; *Novello* v. *James*, 5 De G. M. & G. 876; *Chappell* v. *Davidson*, 8 De G. M. & G. 1; Kerr Inj. ss. 23, 50, 51, 52, n. 1. *Sturgis* v. *Knapp*, 33 Vt. 486, is a well considered case and governs this. The damages cannot exceed the penalty of the bond. If the defendants had claimed that the

security afforded by the bond was insufficient, they could have applied to the court for more. 2 High Inj. (2d ed.) s. 1626 ; *R. R. Co.* v. *Appleton,* 8 Dana, 289.

The opinion of the court was delivered by

TAFT, J. . The main question in these proceedings was heard and an order made that the bill be dismissed. 55 Vt. 171. After the cause had been remanded a decree passed according to the mandate, and the question arose as to the amount of damages to which the defendants were entitled upon the dissolution of the injunction. At the time the injunction issued a bond in the sum of five hundred dollars was filed to secure the payment of such damages. No order was otherwise made respecting them. The orators tendered a decree for the amount of the bond as the full amount of the damages ; the defendants claimed largely in excess of that sum. The chancellor entered a decree that the defendants were limited to the amount named in the bond, and that they recover that sum. The defendants appealed.

That the decree below was correct has been expressly adjudged in this State, *Sturgis* v. *Knapp,* 33 Vt. 486 ; S. C. 36 Vt. 439. If an order had been made that the injunction should issue or continue upon condition that the orators pay all the damages sustained by the defendants, the case might merit a different conclusion, but no such order was made, and the parties must abide by the law as established in the case cited. We understand that the ground of dissent of POLAND and PIERPOINT, JJ., in the case in the 33 Vt. *supra,* was that the presumption existed in that case, that an order was made at the time the injunction issued, requiring the payment of the damages; if so their dissent is consistent with the disposition of this case.

Decree affirmed and cause remanded.