# GEORGE W. MILTIMORE ET AL.

v.

# GEORGE R. BOTTOM ET AL.

JANUARY TERM, 1894.

*Replevin bond. Damages. Interest. Evidence. Waiving right to go to the jury. Practice.*

1. In a suit on a replevin bond conditioned to pay the damages and costs recovered in the replevin suit, and for a return of the property, the only damages recoverable in respect of the bringing of the replevin suit are those assessed in that suit.

2. If the defendant has failed to return the property replevied in accordance with the judgment in the replevin suit the plaintiff may also recover damages for that breach of the condition of the bond.

3. Upon this issue evidence tending to show what it would cost the plaintiffs to purchase similar property, or, if that is impossible, what they have lost by not being able to do so, is admissible.

4. If the evidence clearly tends to show that the damages of the plaintiff are in excess of the penalty of the bond, and the defendant waives the right to go to the jury, the court may direct a verdict for the plaintiff for the penalty.

5. As against a surety, interest on the penalty cannot be included.

6. By waiving their right to go to the jury the parties in effect submitted the issues of fact to the court; and that being so, and it further clearly appearing what judgment the county court ought to have rendered and that the only error was in the addition of interest, the supreme court may render judgment instead of remanding the case for a new trial.

Debt on replevin bond.   Trial by jury at the June term, 1893, Bennington county, THOMPSON, J., presiding.   At the close of the testimony the court inquired of both parties whether any question was made by the evidence upon which either of them wished to go to the jury, and upon being informed that there was not, directed a verdict for the plaintiff for the full penalty of the bond, with interest thereon from the date of the judgment in the replevin suit for a return of the property and costs.   The defendant excepts.   The case appears in the opinion.

*F. G. Swinington* for the defendant.

The court could not direct the jury as to the amount of damages.   Sedg. Dam., ch. 16 pp. 396-398 ; *Safford* v. *Gallup*, 53 Vt. 291, 299 ; Wells Replevin, s. 457 ; 20 Am. Enc. of Law, pp. 1145, 1146 ; R. L., ss. 942-944.

No interest could be allowed as against the surety, for the damages against him can in no case exceed the penalty in the bond.   20 Am. Enc. of Law, 1147 ;  Cobb Repl., s. 1343 ;  *Fraser* v. *Little*, 13 Mich. 195, and cases cited ; Morris Repl., 268.

*Batchelder & Barber* for the plaintiff.

Damages for the unlawful taking may be recovered in an action on the replevin bond although not assessed in the replevin suit.   2 Sedg. Dam., s. 535 ; *Ice Co.* v. *Webster*, 67 Me., 341 ; *Luter* v. *Alpaugh*, 23 N. J. L. 165 ; *Smith* v. *Dillingham*, 33 Me. 384.

The plaintiff may have damages for the profits of which he was deprived by a non-return of the property.   1 Sedg. Dam., p. 256, s. 177 ;  2 Sedg. Dam., p. 150, s. 540 ; *Barnes* v. *Bartlett*, 15 Pick. 71 ;  *Stevens* v. *Tuite*, 104 Mass. 328.

Interest was properly allowed.   2 Sedg. Dam., s. 540.

ROSS, C. J.    By contract of January 12, 1885, the defendant, Chicago Tire and Spring Co., agreed to allow the plaintiff to manufacture the 202 New York Bochum tires owned by it, then in possession of the plaintiffs, into car wheels to be disposed of according to the terms of the contract.    June 1, 1888, the Chicago Tire and Spring Co., by an action of replevin, took from the plaintiffs these tires and gave the required replevin bond.    That suit resulted in a judgment for the plaintiffs for the return of the tires, one cent damages and the costs.    The bond was conditioned for the payment of such damages and costs as the defendants in the replevin suit, plaintiffs in this suit, might recover in the replevin suit, and that the Chicago Tire and Spring Co. should return the tires replevied, if such should be the final judgment in the replevin suit.    The defendant Bottom is the surety on the replevin bond.    This is a suit against him and his principal on that bond.    The damages for the wrongful taking and detention of the tires, by the replevin writ, from the plaintiffs, were assessable and were assessed at one cent in that suit.    No other damages for such taking and detention are assessable in this suit upon the bond.    But the damages for the failure of the Chicago Tire and Spring Co. to return the tires, as ordered in the judgment in the replevin suit, were not assessable in the replevin suit.    The failure to obey the order of that judgment for the return of the tires could not occur until after the rendition of the judgment for their return.    Hence, in this suit upon the bond given in the replevin suit, it was legitimate for these plaintiffs to have ascertained the damages which they sustained by the failure to return the tires, as ordered by the judgment in the replevin suit.    Such damages could be shown by evidence tending to show the amount which it would cost them to supply the same kind and size of tires, or in case such tires could not be obtained, the plaintiffs could show the damages they had sustained by what they had done, before the re-

plevin suit was brought, towards carrying out the contract of January 12, 1885.   Hence evidence on both these points was properly received by the county court.   That evidence tended to show that the tires replevied were of a peculiar make and size; that it would be difficult, if not impossible, now to obtain them and, if possible, the expense would be more than the penalty of the bond.   It also tended to show that the plaintiffs, before the replevin suit was brought, had, in good faith, supplied themselves with a large part of the material required to manufacture the tires into car wheels, as required by the contract of January 12, 1885 ; that owing to the peculiar construction of the car wheels called for by that contract, the material so procured was of little value for any other purpose, and that the loss on this material and the amount they had expended on it and the tires, preparatory to manufacturing the required car wheels, was also much more than the penalty of the bond.   At the close of the evidence the defendants waived their right to go to the jury on any question raised.   They thereby submitted to the court to ascertain and determine the right of the plaintiffs to recover damages and the amount of such damages.   The evidence fully justified the county court in finding that the damages sustained by the plaintiffs, by the refusal to return the tires as ordered by the judgment in the replevin suit, were equal to or greater than the penalty of the bond in suit. There was, therefore, no error in such determination.   But the county court, against the exception of the defendants, rendered judgment against them, not only for the penalty of the bond, but for interest on the sum named as penalty from the time the plaintiffs obtained judgment in the replevin suit for return of the tires.   Whether this judgment is correct against the principal in the bond, the Chicago Tire and Spring Co., we do not consider nor determine.   Such judgment, so far as it included interest, was erroneous against defendant, Bottom, the surety in the bond.   *Mattocks* v.

*Bellamy*, 8 Vt. 463; *Glover* v. *McGaffey et al.*, 56 Vt. 294; *Sturgis* v. *Knapp*, 33 Vt. 486. For this error the judgment must be reversed. When the trial is by jury and the judgment of the county court is reversed, it has been the nearly universal rule to remand the case, although the determination and judgment in this court are such as apparently to be determinative of the rights of the parties and of the judgment which must eventually be rendered. *Moore* v. *Campbell*, 36 Vt. 361. This rule is based on the ground that, on a retrial, the same facts might not be established; the verdict having been vacated by the error causing the reversal. The defendant's counsel contends that this practice should prevail in this case. By waiving their right to go to the jury, the parties in effect made this a trial by the court. In such trials the usual rule has been that, when the case, on reversal in this court, has been so left that this court could clearly determine the judgment which the county court should have rendered, for this court to render such judgment. Especially has this been so held recently when the only error was the unlawful allowance of interest. *Taylor* v. *Coolidge*, 64 Vt. 506; *Ballard* v. *Barton*, 64 Vt. 388.

*Judgment reversed; judgment for the plaintiff for the penalty of the bond, with costs in the county court less the defendants' costs in this court.*