### OVIATT *against* SAGE.

Where a chattel is owned by two persons, as tenants in common, a sale by one, of his interest in such chattel, makes the purchaser and the other co-tenant, tenants in common of the whole.

No act done by one tenant in common of a chattel, in relation to such chattel, short of a destruction of it, will render him liable to his co-tenant in tort.

If the sale of a chattel, by one tenant in common, be authorized or ratified by the other co-tenant, and acquiesced in by the purchaser, this shews that privity between the latter co-tenant and the purchaser, which is necessary in the action of account.

Therefore, where *A.* and *B.* were tenants in common of a quantity of cheese, *A.* owning two thirds and *B* one third; and *B.*, without the consent or knowledge of *A.*, sold the cheese to *C.*, who immediately transported it to market ; *A.* demanded of *C* his share of the cheese, or payment for it, which *C.* refused ; and *A.* then told *C.*, that he must pay nobody for the cheese but him ; to which *C.* replied—" Very well—there will be no difficulty about it ;" in an action of account, brought by *A.* against *C.*, for his share of the proceeds of the cheese, it was held, that evidence of the communication between *A.* and *C* was admissible, to shew, that the sale was authorized or ratified by *A.*, and acquiesced in by *B.*, and consequently, that the action was sustainable.

THIS was an action of account to recover the proceeds of a quantity of cheese. The plaintiff alleged, that he was the owner of two third parts of the cheese, and the defendant the other third part ; and that they held as tenants in common ; and that the defendant had sold the whole, and refused to account with the plaintiff for the avails.

*Litchfield,*
June, 1828.

Oviatt
*v.*
Sage.

The cause was tried on the plea of *never bailiff and receiver,* at *Litchfield, February* term, 1828, before *Peters,* J.

On the trial, the plaintiff offered testimony tending to prove, that on the 20th of *August,* 1825, he owned two thirds of the cheese, and one *Isaac Cobb* one third ; that *Cobb,* without the knowledge or consent of the plaintiff, sold and delivered the cheese to the defendant *Sage,* who immediately transported it to market ; that on the 22nd of *August,* the plaintiff demanded his share of the cheese of the defendant, or payment therefor, which was refused ; that the plaintiff then told the defendant, that he must pay nobody for the cheese but him ; to which the defendant replied, " Very well—there will be no difficulty about it." This testimony was objected to, on the ground that it did not prove, nor conduce to prove, the issue. The objection was sustained by the judge, and the testimony rejected. The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial.

*P. Miner* and *T. Smith,* in support of the motion, contended, That it was competent to the plaintiff to treat the defendant as his bailiff, and to recover of him in account. It was not in the power of *Cobb* to impair, much less to defeat, the rights of the plaintiff, by a sale to the defendant. This doctrine was recognized as established law, by *Hosmer,* Ch. J., in *Mitchell* v. *Hazen,* 4 *Conn. Rep.* 510. in relation to real estate ; and it is equally true as applicable to personal property. If the plaintiff and *Cobb* were joint-tenants, the only effect of the sale to the defendant, was to convert the joint-tenancy into a tenancy in common. *Co. Litt.* 199. *a.* *Bac. Abr. tit.* Joint Tenant. C. It vested in the defendant the interest of *Cobb ;* and that only. The plaintiff had afterwards, as against the defendant, the same rights, was bound by the same duties, and was entitled to the same remedies, that existed between the plaintiff and *Cobb* before the sale. He had the same rights ; for he might have taken the property out of the hands of the defendant, and would not have been liable in trespass or trover, for a destruction of it 1 *Chitt. Plead.* 157. 172. The condition of the plaintiff and defendant was the same as against strangers : both must join for injuries to the property. 1 *Chitt. Plead.* 55.

It may be said, that we might have brought account against *Cobb.* In the first place, if we have a remedy againt *Cobb,* we

are not obliged to look to him : it does not preclude us from <span>Litchfield,</span> resorting to *Sage.* But there is a difficulty in proceeding <span>June, 1828.</span> against *Cobb.* If we sue him in account, and treat him as our agent, we thereby ratify the sale to *Sage.*

But the principal ground of objection to this action, is, that *trover* lies.

In the first place, the objection mistakes the ground of our action. By the sale, *Sage* became co-tenant with the plaintiff. He then disposed of more than the amount of his interest in it. We now call on him for his account in respect to transactions *subsequent* to the sale from *Cobb* to him.

Secondly, trover will not lie. The ground assumed is, that the sale from *Cobb* to *Sage,* was equivalent to a destruction of the property. But this was not so. *Cobb* could sell *his* interest, but nothing more. *Sage* obviously took no greater interest than *Cobb* could convey; and he committed *no tort,* by paying for the whole, when he acquired a title only to one third. The change of custody was no conversion. *Mersereau* v. *Norton,* 15 *Johns. Rep.* 179. *St. John* v. *Standring,* 2 *Johns. Rep.* 468. *Heath* v. *Hubbard,* 4 *East,* 110. *Barnardston* v. *Chapman,* cited 4 *East,* 121. *Fox* & al. v. *Hanbury* & al. *Cowp.* 445. 450. *Smith* & al. v. *Stokes,* 1 *East,* 363. *Holliday* v. *Camsell* & al. 1 *Term Rep.* 658.

Thirdly, if trover will lie, still account will lie also : the remedies are concurrent. If one co-tenant has used and taken benefit of the common property in a greater proportion than his interest therein, account will lie. *Stat.* 34. *tit.* 1. *s.* 4.

It may be said, that account will not lie, in this case, for want of *privity* between the parties. If the *statute* has given this remedy, in the circumstances of this case, the want of privity will not defeat it. But how stands the objection *at common law ?* It is true, that upon principles of the common law, it is necessary that the plaintiff in account should have appointed the defendant his bailiff. *F. N. B.* 117. *a.* 118. *b.* *Co. Litt.* 172. *a.* 200. *b.* But no *actual* appointment is necessary. If a man acts as bailiff, you may treat him as such. *Com Dig. tit.* Accompt. A. 2. 3. 4. If in this case, the defendant recognized the title of the plaintiff, there was a virtual appointment as bailiff, and a privity between the parties. The evidence, then, ought to have gone to the jury, to shew a recognition of title, and an appointment of the defendant as bailiff.

Litchfield,
June, 1828.

Oviatt
v.
Sage.

*Benedict* and *J. W. Huntington*, contra, insisted, That the evidence offered by the plaintiff was not competent evidence to support an action of account.

At common law, one tenant in common could not maintain account against his co-tenant, unless the latter was *actually* appointed bailiff or receiver. *Co. Litt.* 200. *b.* *Selw. N. P.* 1. (*Wheat.* ed.) 1 *Swift's Dig.* 579. The action of account was extended to tenants in common by *Stat.* 4 *Ann. c.* 16. *s.* 27 ; but *that* statute has never been adopted in this state.

Our statute does not authorize account in the circumstances of this case ; first, because it contemplates only such a co-tenancy as was created by privity of contract in fact,—not where it was created without the knowledge or consent of the party suing in account ; secondly, because the statute never was intended to authorize account, except as between the original owners.

Account will not lie, in this case, because there was a *conversion* of the property, for which trover might be maintained ; and trover and account are never concurrent.

First, the *sale* by *Cobb* was *ipso facto* a conversion. *Barton & al. v. Williams & al.* 5 *B. & A.* 395. *Com. Dig. tit.* Action upon the case upon Trover. E. *Wilson & al. v. Reed,* 3 *Johns. Rep.* 174. *Anon.* 2 *Salk.* 655. Taking property by assignment, of one who has no right to transfer it, is a conversion. *Baldwin v. Cole,* 6 *Mod.* 212. *McCombie v. Davis,* 6 *East* 537. *Bristol v. Burt,* 7 *Johns. Rep.* 254.

Secondly, the *transportation of the cheese to market,* constituted such a *destruction* of the property as amounts to a conversion ; the property being in its nature perishable, and made for consumption. 3 *Stark. Ev.* 1496. n. In *Wilson & al. v. Reed,* 3 *Johns. Rep.* 176. Ch. J. *Kent* decided, (and his decision was sanctioned by the whole court) that a sale of rum by retail, was in law a destruction, so as to enable one tenant in common to maintain trover against his co-tenant.

Thirdly, the subsequent appropriation, by the defendant, of *all* the cheese, was, at any rate, a conversion. *Jackson v. Anderson,* 4 *Taun.* 24. 3 *Stark. Ev.* 1496. n.

To maintain account, the goods must have been originally received rightfully. The relation of bailiff must have been created at the time of the receipt of them. It is the wrongful taking or reception of the goods, which precludes the action of account ; for account is founded on an express or implied pri-

vity.   If the receipt of the goods was wrongful, and was of *Litchfield,* itself a conversion, the plaintiff cannot waive it, and treat the defendant as having contracted with him to receive them, any more than if the defendant had clandestinely removed them, or taken them by force.

June, 1828.

Oviatt
*v.*
Sage.

Daggett, J.   The testimony offered by the plaintiff, on the trial, was rejected, on the ground, that it shewed that a tort was committed by *Cobb,* in selling the cheese, and that trover, and not account, was the proper remedy.   This opinion is erroneous.

1.  The part owner of this cheese, being a tenant in common with the plaintiff, had a right to sell his part of it, at any rate ; and it being an article manufactured for sale, he might, for aught which appears, have sold the whole.   At least, the plaintiff might authorize him to sell the whole ; and it should have been submitted to the jury as a question of fact, whether the testimony did not so authorize the sale, if not already made, and if made, whether it did not amount to a ratification, upon the well known principle that a subsequent ratification is equal to a prior authority.   The sale of the part of a chattel, which belongs to the seller, makes the purchaser and the other cotenant tenants in common of the whole.

2.  It was, however, strenuously urged, that this sale was a destruction of the common interest, and of course, no remedy was left but trover.   It is very clear, that nothing short of a destruction of the property will render the co tenant liable in tort ; for he has an equal right with his fellow commoner to the possession and use of the property.   This is familiar law. *Cobb* could either sell the whole, and for aught that appears, he might well have so done, or, he might have sold his third part, and made the purchaser tenant in common with the plaintiff.   The testimony conduced to prove such to have been the fact, and that the plaintiff and defendant both acquiesced in this disposition of the cheese.   In that case, there would exist the privity, which, it is said, is essential to sustain the action of account.   But the judge, by rejecting the testimony, would not suffer the assent of the plaintiff to the sale, nor the agreement of the defendant to consider the plaintiff tenant in common with him, to be inferred from the testimony.   In this, I think, the decision was erroneous ; and that a new trial should be granted.

The other Judges were of the same opinion, except BRAIN-
ARD, J., who was absent.

New trial to be granted.