Frans v. Young.

## FRANS v. YOUNG *et al.*

1. Pledge and sale of chattels: JOINT OWNER. One joint owner of personal property cannot sell or pledge the interest of his co-owner, although the former is in possession of the chattel, and the purchaser or pledgee has no knowledge of the joint ownership.

2. —— RIGHTS OF PLEDGEE. But one joint owner can, at his pleasure, and without the consent of the other, sell, mortgage or pledge, his own interest in the property. In case of sale, the purchaser becomes a joint tenant with the other owner. In case of pledge, the pledgee has the same right to possession, as against the other owner, that his pledgor had.

3. —— REPLEVIN. In such case, the non-pledging owner cannot maintain replevin against the pledgee; nor can the owner who made the pledge join with the other joint owner, and the two, by virtue of such joinder, maintain the action.

*Appeal from Washington District Court.*

WEDNESDAY, MAY 6.

REPLEVIN : RIGHTS OF JOINT TENANTS OF PERSONAL PROPERTY. — This is an action of replevin for a mare, brought

by F. F. Frans and Henry H. Frans, against Charles Young and Alexander Sewell. The petition alleges, that the plaintiffs are the absolute owners of the mare; that they loaned her to the defendants, who refuse, upon demand made, to deliver her up, etc. The answer denies the absolute ownership of the plaintiffs, the loaning, the demand, the wrongful detention, etc. A jury trial resulted in a verdict for the plaintiffs, upon which judgment was rendered. Defendants appeal, and the errors they assign, relate wholly to the instructions given and refused.

*McJunkin & Henderson* for the appellants.

Cited Williams on Personal Property, ch. 2, p. 332, and authorities referred to in note; 2 Kent's Com. 350, 351, and notes; *Selden* v. *Hitchcock*, 2 Cow. 166; *Cochran* v. *Carrington*, 25 Maine, 409; *Hyde* v. *Stone*, 9 Cow. 230; *Tyler* v. *Taylor*, 8 Barb. 585; *Bradley* v. *Boynton*, 22 Maine, 287; *Dwire* v. *Cowney*, id. 347.

No appearance for the appellees.

DILLON, Ch. J. — On the trial the plaintiff's general ownership of the property was not, so far as we can learn from the record, contested. The main point of controversy seems to have been, whether the defendants were not entitled to the possession of the animal by reason of an alleged pledge thereof to them by one of the plaintiffs.

1. PLEDGE AND SALE OF CHATTELS: joint ownership.

It is certified in the bill of exceptions, that there was evidence " tending to show that the plaintiffs were joint owners of the property replevied, and that one of the joint owners, viz., Henry H. Frans (one of the plaintiffs), had pledged the same to the defendants to secure a debt due from the said Henry H. to the defendants."

The first instruction given by the court in its charge is this: "If Henry H. Frans had exclusive possession and control of the mare, and defendants had no knowledge that F. F. Frans had any interest in or was joint owner of the mare, then a pledge of the mare, accompanied with a delivery of possession by Henry to defendants would be valid, although F. F. Frans might not have given his consent."

The fourth instruction in the court's charge was in this wise: "If defendants, or either of them, knew at the time of the pledge that F. F. Frans was a part owner of the property, then the pledge by Henry for his own private debt would be void and give the defendants no right therein."

These instructions make the validity of a pledge by one joint owner of a chattel depend upon knowledge by the pledgee of the existence of the other joint owner. The first instruction quoted affirms, that if the pledgee had *no* knowledge of the existence of the other joint owner, the pledge would be valid without his consent, though pledged for the individual debt of the part owner making the pledge.

The converse proposition is asserted in the fourth instruction. It states, that if the defendants "*knew* at the time of the pledge that F. F. Frans was a part owner of the property, then the pledge by Henry for his own private debt, would be *void* and give the defendants *no rights therein*."

In thus making the validity of the pledge depend wholly upon the knowledge or the absence of knowledge on the part of the pledgee of the existence of another joint owner, the court erred.

One joint owner cannot, as such and by virtue of that relation merely, sell or mortgage or pledge the interest of the other joint owner. The purchaser, mortgagee or

pledgee, though ignorant of the existence of another part owner, acquires no right to that other owner's interest in the chattel. This is upon the familiar principle in the law of personal property, that the seller can confer no greater title than he possesses.

So, on the other hand, one joint owner can, at his pleasure and without the consent of the other, sell, mortgage or pledge his own interest in the chattel. If he sells, the purchaser takes his place and becomes a joint tenant with the other owner. So does the mortgagee, when his title becomes perfected. And the pledgee's rights are valid to the extent of the pledgor's interest in the thing pledged.

2. —— rights of pledgee.

Each joint tenant has an equal right to possession. If one has the actual, peaceable possession, and pledges the property, though to a party with knowledge of the state of the ownership, such pledge is not *void*, but is good to the extent of the pledgor's right; and the pledgee, during the existence of the pledge, has the same right to possession as against the other owner that his pledgor would have had, but no other or greater right.

And in this case the non-pledging owner cannot recover in replevin from the pledgee, nor maintain against him an action in any case where he could not if the action had been against the part owner who made the pledge.

3. —— replevin.

A pledge by one joint owner being valid as to that owner's interest, he cannot, during the existence of the pledgor's rights, join with the other part owner, and the two, by virtue of such joinder, maintain replevin against the pledgee.

In full support of these views, and as to the rights of joint tenants against each other and third persons, see *Russell* v. *Allen* (13 N. Y. 173), holding that one tenant in common of personal property cannot maintain replevin

against the bailee of the other joint owner; · also *Tripp* v. *Riley*, 15 Barb. 334; *Oviatt* v. *Sage*, 7 Conn. 95; *Putnam* v. *Wise*, 1 Hill, 234; *Wilson* v. *Gibbs*, 3 Johns. 175; *Hyde* v. *Stone*, 9 Cow. 230; *Nowlen* v. *Colt*, 6 Hill, 461; *Mersereau* v. *Norton*, 15 Johns. 179; *Gock* v. *Keneda*, 29 Barb. 120; *White* v. *Merton*, 22 Verm. 15; *Dain* v. *Cowing*, 22 Maine, 347; *Gilbert* v. *Dickerson*, 7 Wend. 359, 449; *White* v. *Osborn*, 21 id. 72.

For the error above referred to, the judgment must be reversed.

It is not necessary to notice the other questions made, except to say, that, if the plaintiffs had sued as partners, and claimed to recover as such, the rules of law applicable would be somewhat different. Thus, a partner has an implied authority to sell, mortgage or pledge the partnership property in the course of the partnership business. But a partner, even, cannot mortgage or pledge the firm property for his individual debts, without the consent of his copartner.

This observation is made concerning rights and powers of partners, because it would seem that there was some evidence tending to show that the property in question belonged to the plaintiffs as partners.

