## WILLIAM R. HIGGINS *v.* WINDSOR COUNTY MUTUAL FIRE INSURANCE COMPANY.

### *Insurance.　Notice of Disallowance.*

1. An action against an insurance company to recover damages caused by fire cannot be sustained unless brought within the time specified in the charter of the company, when the charter is printed in the policy, and the contract made subject to it.

2. The defendant sent notice in a registered letter to the proper address of the plaintiff, of the disallowance of his claim by the directors. *Held*, that it was a prudent method in giving notice.

ACTION, special assumpsit upon a policy of insurance. Trial by jury, March Term, 1880, Essex County, Ross, J., presiding. Pleas, general issue and Statute of Limitations. Verdict for the plaintiff; but the court rendered judgment for the defendant. The case is stated in the opinion.

*Elisha May* and *H. C. Bates*, for the plaintiff.

*French & Southgate*, for the defendant.

The opinion of the court was delivered by

VEAZEY, J.　The seventh section of the act of incorporation of the defendant company fixes a limitation of time within which

a suit for loss must be brought. This act or charter was printed on the plaintiff's policy, and the contract was made subject to it. This section provides :

" If the party suffering is not satisfied with the determination of the directors, . . . the said party may bring an action against said company for loss or damage, at the next court to be holden in and for the county of Windsor, or in the county in which said party may reside, or in which said loss or damage by fire may have happened, *and not afterwards,* unless said court shall be holden within sixty days after said determination ; but if holden within that time, then at the next court holden in said county thereafter."

The plaintiff resided in Concord in the county of Essex, at the time of the application for the policy, and has ever since resided there, and the buildings were situated there. The loss occurred on the 17th day of June, 1878. The defendant's directors rejected the claim October 11, 1878. By said provision of the charter, the plaintiff was required to bring his suit either to the March Term, 1879, of Essex County Court, or to the December Term, 1878, or May Term, 1879, of the Windsor County Court. He commenced this suit, making the writ returnable to the September Term of Essex County Court, 1879. This was too late, not being within the time specified in the charter. *Dutton* v. *Vt. M. F. Ins. Co.,* 17 Vt. 369 ; *Williams & Bliss* v. *Same,* 20 Vt. 222 ; *Wilson* v. *Ætna Ins. Co.,* 27 Vt. 99.

The plaintiff claims that this provision of the charter should not be held a bar to the action, because the jury found specially that he did not receive the notice of disallowance sent by the defendant on the day the claim was rejected. The defendant sent this notice to the proper address of the plaintiff by a registered letter, which was delivered to and receipted by a person in the plaintiff's name. We infer the plaintiff denied on trial that he was that person, or received the letter. There is no provision in the defendant's charter or by-laws requiring the company to give notice of the allowance or disallowance of claims ; nothing in reference to the method of notice if they do give it. If the company had any duty cast upon it under these circumstances to notify the plaintiff that his claim was rejected, the question is,

whether that duty was discharged. We think it was. If the plaintiff did not in fact know what action was taken upon his claim, he had notice of all the provisions of the charter and by-laws, and ample time and opportunity to find what was the action of the directors. The company took a prudent method of giving notice of its action to him. Charters would but poorly guide and illy protect corporations if their plain terms were to be circumvented by courts upon the grounds and under the circumstances which the plaintiff's case presents.

The foregoing view would affirm the judgment of the County Court. For reasons not material to be here stated, it is thought best not to express the views of the court on the other questions in the case.

Judgment affirmed.