## HENRY M. BROWN

v.

SETH MEAD AND HENRY MEAD.

OCTOBER TERM, 1895.

*Tender of amends for damages. Authority of attorney to receive. Effect. Treble damages.*

1. An attorney of record has authority to accept a tender of amends for damages in trespass under V. S., s. 1692.

2. But he has not authority to compromise or discontinue the suit.

3. Such a tender has the effect of a tender at common law. By receiving it the cause of action is not extinguished, but the amount should be applied in reduction of damages.

4. If the owner of an adjoining wood lot cuts and carries away the trees of the plaintiff, openly and under the honest belief that they are his, he is not liable for treble damages.

Trespass for cutting and carrying away the plaintiff's trees. Pleas, the general issue, accord and satisfaction and tender of amends. Trial by court at the March term, 1895, Chittenden county, Ross, C. J., presiding. Judgment for the defendants. The plaintiff excepts.

The plaintiff and defendants were the owners of adjoining wood lots and the defendants had cut over the line onto the plaintiff. The court found that they did this "openly and supposing that they were cutting their own trees." Upon learning the mistake the defendants tendered the plaintiff forty dollars in amends. This the plaintiff de-

clined to receive and brought suit to the Chittenden county court. The defendants pleaded the tender and paid the money into court. At the September term, 1893, the attorney of the plaintiff accepted the tender and the suit was discontinued with costs to the defendants. Subsequently the plaintiff brought this suit. The court found the following facts as to the acceptance of the tender and the termination of the first suit :

"At the September term of this court, 1893, the matter came up for hearing and consideration, and the court rendered judgment and made an entry of discontinuance of the suit with costs to the defendants. The files and docket entries in that suit were received in evidence against the exception of the plaintiff, he claiming that the same should be shown by a certified copy of the same. These files and docket entries are referred to and made a part hereof. The court held that these files, docket entries and judgment were, under the defendants' pleas, a bar to this suit, and rendered judgment for the defendants to recover their costs.

"To this judgment the plaintiff excepted on the grounds that Mr. Alexander, the plaintiff's attorney in that suit, had no authority to accept the tender and compromise the suit ; and that this action is founded on the statute, and also calls for damages done to the freehold ; and for these reasons the former suit and judgment is not a bar to this suit. And also that the files, docket entries and judgment in that suit are not sufficient in law to constitute a bar to this suit."

The following were the docket entries :

"A. T. 1893. Rule for bail.

"August 9. Defendants' plea and notice filed.

"September 19. Tender delivered to clerk.

"November 27. Tender accepted by plaintiff.

"Discontinued with costs, March 30, 1894. Execution issued.

"September 1, 1894. Execution returned satisfied."

*Charles T. Barney* for the plaintiff.

Alexander had no authority to accept the tender and compromise the suit. *Penniman* v. *Patchin,* 5 Vt. 352 ;

*Carter* v. *Talcott,* 10 Vt. 471; *Vail* v. *Conant,* 15 Vt. 314; *Barnet* v. *3d Ave. R. R.,* 45 N. Y. 628.

*V. A. Bullard* and *J. J. Monahan* for the defendants.

The attorney had by the very terms of the statute authority to accept the tender.   R. L., s. 1450.

THOMPSON, J.   This is an action of trespass, commenced August 20, 1894.   February 14, 1893, the plaintiff commenced an action against the defendants for the identical trespasses included in this suit, returnable to the Chittenden county court, and the same was duly entered therein. To that action the defendants pleaded the general issue, and gave notice of a tender of amends of forty dollars, which they made to the plaintiff, February 10, 1893, and that they should rely thereon in defence. This sum was paid into court, and the plaintiff's attorney received the same from the clerk of the court, and in the receipt he gave for it, directed the suit to be discontinued.   Subsequently, at the September term of that court in 1893, the matter came up for hearing, and the court rendered judgment that the action be discontinued with costs to the defendants. The county court held that these proceedings were a bar to the present action.   The plaintiff contends that in this there was error, because his attorney had no authority from him to take the tender and discontinue the suit.

R. L., s. 1450, (Vt. St., s. 1692), provides for the tender, in cases of this character, of amends to the plaintiff, his agent or attorney.   A fair construction of the statute must include an attorney of record in a suit to recover damages for which a tender of amends may be made under the statute, and if such tender may be made to him, clearly he may receive the same.

At common law, there could be no tender in this class of cases.   The purpose of the statute was to place them in re-

spect to tender, upon the same footing as cases in which a tender could be made. A tender under it has no greater force than a common law tender. A tender accepted is only a payment *pro tanto*. If the plaintiff had taken the tender when made to him, he could have maintained an action for any balance of damages remaining. The acceptance of the tender by his attorney was the same as an acceptance by the plaintiff, but nothing more. The attorney, as an incident of his employment, could take the tender, but he could not discontinue the suit as he did, without authority from the plaintiff. It does not appear that he had such authority. This discontinuance can have no greater effect than a non-suit. Hence the forty dollars must be applied on the damages, and the plaintiff recover for the residue thereof.

As we construe the facts found by the court below, we do not think the plaintiff is entitled to recover treble damages.

*Judgment reversed, and judgment for the plaintiff for twenty-three dollars and twelve cents and interest thereon from the date of judgment below, and his costs.*