# WINTER SESSIONS,

## 1900.

———•———

WILLIAM JENKS FELL *vs.* JOHN E. TAYLOR, Sheriff.

*Replevin—Parties Plaintiff—Joint Owners.*

1. It is a general rule that all the joint owners of a chattel must join in replevin. One tenant in common of a chattel cannot maintain replevin for it without joining his co-tenant.

2. In such action the plaintiff must show that at the time of the caption he had a general property in the goods taken, and the right of immediate and exclusive possession.

(*February 16, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*J. H. Hoffecker, Jr.,* for plaintiff.

*John H. Rodney* for defendant.

Superior Court, New Castle County, February Term, 1900.

REPLEVIN (No. 32, September Term, 1899).

The plaintiff put in his proof and rested, and the defendant moved for a nonsuit, the grounds for which motion are stated in the opinion of the Court.

LORE, C. J.:—A motion for a nonsuit in this case has been made, for the reason that the suit is brought by one of two joint owners of the property replevied for the undivided interest therein. The pleadings and proof show this condition.

It is a general rule that all the joint owners of a chattel must join in replevin.

*Morris on Replevin, 112.*

It may be laid down as a general rule that the plaintiff must show that at the time of the caption he had a general property in the goods taken, and the right of immediate and exclusive possession.

*2 Greenleaf on Evidence, Sec. 56; 14 Am. & Eng. Ency. of Law, 1050.*

One tenant in common of a chattel cannot maintain replevin for it without joining his co-tenant.

*14 Am. & Eng. Ency. of Law, 1050; Reinhemmer vs. Hemingway, 35 Pa. St., 432; Hacker vs. Johnstone, 66 Maine, 21; Kindy vs. Green, 32 Mich., 310; De Wolf vs. Harris, 4 Mason (U. S.), 515; Barns vs. Bartlett, 15 Pick., 71; Wills vs. Noyes, 12 Pick., 324; Frans vs. Young, 24 Ia., 375.*

Under the proof in this case and the authorities, therefore, there is no escape from granting a nonsuit.

Let the nonsuit be entered.