DE FARCONNET et al. v. WESTERN ASSUR. CO.

(Circuit Court of Appeals, Second Circuit. April 9, 1903.)

No. 92.

1. MARINE INSURANCE—ACTION ON POLICY—WAIVER OF LIMITATION.

After a vessel and her cargo had been sold by the master to pay salvage and other charges, a cargo owner, with the assent of the insurer, and upon its statement that the suit would be without prejudice to any claim against it, brought suit against the owners of the vessel to recover the value of the cargo so sold. Such suit was commenced within a year after the loss, but was determined adversely to the libelant after the expiration of the year, when claim for the loss was made on the insurer.

¶ 1. Conditions in insurance policy as to time for bringing suit, see notes to Steel v. Phœnix Ins. Co., 2 C. C. A. 473; Rogers v. Home Ins. Co., 35 C. C. A. 404.

Negotiations for settlement were continued for several months, during which the insurer required proofs and documents, which were furnished by libelant with difficulty and at considerable expense. The insurer finally refused payment, but without making any objection to the time when the claim was presented. *Held*, that by its conduct the insurer had waived the provision of the policy limiting the time for prosecuting claims thereunder to one year after the loss, and that an action on the policy was not barred thereby.

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 110 Fed. 405.

Harrington Putnam, for appellant.

·Wilhelmus Mynderse, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The controlling questions which have been argued upon this appeal are two: (1) Whether the action was not barred by failure to prosecute the claim within a year, pursuant to the condition of the policy; and (2) whether there was a total loss, actual or constructive, of the insured cargo. Upon the first question the members of this court are unanimous, and concur in the decision of the court below for the reasons stated in the opinion of Judge Brown. Upon the second question a majority of the court are of the opinion that there was a total loss, but, while agreeing that the decree should be affirmed, do not agree upon the reasons therefor; and one member of the court is of the opinion that there was not a total loss, and that the decree should be reversed and modified.

It is unnecessary to add anything to the opinion of the court below in respect to the first question, and any statement of our views in respect to the second question would not be authoritative. We therefore deem it proper to affirm the decree, without an opinion.