BURNICE B. BATES v. GERMAN COMMERCIAL ACCIDENT COMPANY.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 13, 1913.

*Accident Insurance—Contract Limitation—Waiver Before or After Forfeiture—Construction of Policy.*

A provision in an accident insurance policy limiting the period within which a suit thereon could be brought to one year from the date of the accident on which the suit is predicated is valid; but such provision is for the benefit of the insurer, and by it may be waived either orally or in writing, expressly or impliedly, before or after forfeiture.

Where an accident insurance policy was issued October 19, 1908, and two days thereafter the insured suffered injuries that he claimed were covered by the policy, and he seasonably filed proofs of injury which were rejected, and nothing further was done until October 26, 1911, when the insurer requested full information about the nature of the accident, stating that on receipt thereof it would open the case, which request the insured complied with, and furnished other requested papers and proofs from time to time thereafter until November 9, 1911, when the insurer sent the insured a check for $25 in full settlement, which he promptly returned and brought suit on the policy, the acts of the insurer constituted a waiver of the provision of the policy limiting the period within which a suit thereon could be brought to one year from the date of the accident on which the suit is predicated.

Where an accident insurance policy provided that, in the event of disability owing wholly or in part to, or resulting directly or indirectly from, hernia commencing or appearing after the policy had been in force for 60 days preceding, the limit of the insurer's liability should be one-third the amount that would otherwise be payable under the policy, that clause, construed most strongly against the insurer, as it should be, provides no limitation in case hernia results within the 60-day period, and so, in that event the insurer is liable for the full indemnity.

ASSUMPSIT on an accident insurance policy. Pleas, the general issue and a plea relying on the limitation of the cause of action by the terms of the policy. Trial by court at the September Term, 1912, Franklin County, *Fish,* J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*A. B. Rowley* for the plaintiff.

A course of conduct on the part of the insurer from which it may be reasonably inferred that a forfeiture will not be insisted upon, or any conduct inconsistent with a reliance on a breach, or any act or negotiation that recognizes the policy as still in force, or that recognizes its continued validity, with knowledge that a ground of forfeiture exists, or requiring the insured to do some act, or to incur trouble or expense, relating to his claim, waives the forfeiture, and such waiver need not be based on any new consideration or on an estoppel. 12 Vt. 366, note to Anno. Ed.; 1 L. R. A. 256, note; 1 Cyc. 283 (6), 19 Cyc. 798, 801, 25 Cyc. 858, 872; 16 A. & E. Enc. Law, 938, *Queen Ins. Co.* v. *Young,* 11 Am. St. Rep. 51; *Brown* v. *St. Ins. Co.* (Io.) 7 Am. St. Rep. 495; *Gish* v. *Ins. Co.,* 13 L. R. A. (N. S.) 826; *Oshkosh Gas Light Co.* v. *Ger. Ins. Co.,* 5 Am. St. Rep. 233; *Murry* v. *Asso.,* 25 Am. St. 133; *Dwelling-house Ins. Co.* v. *Goud,* 19 Atl. 793; May Ins. §507; *Woodworth* v. *Cutter,* 33 Vt. 49; *N. E. Life Ins. Co.* v. *Springate,* 19 L. R. A. (N. S.) 227; *Ph. Ins. Co.* v. *Grove,* 25 L. R. A. (N. S.) 1; *Bonnet* v. *Penn. Ins. Co.,* 15 Am. St. Rep. 739; 19 Cyc. 789; *Cannon* v. *Home Ins. Co.,* 11 Wis. 11; *Webster* v. *Phoenix Ins. Co.,* 36 Wis. 67.

*W. B. Locklin* for the defendant.

POWERS, J. The accident policy which the plaintiff held in the defendant company contained a provision which, read in connection with P. S. 4823, limited the period within which a suit thereon could be brought to one year from the date of the accident on which it was predicated. This policy was issued October 19, 1908, and on the twenty-first the plaintiff suffered the accidental injuries which form the basis of this suit. He seasonably filed with the defendant proofs of his injury and his

9

claim was promptly rejected. Nothing further was said or done by either party until October 26, 1911, when, as stated in the defendant's brief, at the suggestion of the State Insurance Commissioners, the defendant began a correspondence with the plaintiff regarding the matter. On that date, the defendant's treasurer wrote the plaintiff a letter in which, after referring to the company's desire to meet all requirements of the commissioner's committee, he said: "Will you be kind enough to give us full information regarding the nature of the accident which occurred to you on October 21, 1908. Kindly be specific in your dates giving us the length of time you were disabled from this injury and stating the nature of the accident and how it occurred. On receipt of same, this Company will reopen your case." This request was complied with, and on October 31, 1911, the treasurer again wrote the plaintiff, saying: "We are enclosing herewith final claim papers which you and the attending physician will kindly fill in with the information relative to your accident of Oct. 21, 1908. Also kindly give the name of the hospital at Burlington, Vt., in which you were operated on. In forwarding you these blanks, we must request that you kindly answer each and every question asked as it will facilitate matters greatly and we are very anxious to have your claim finally disposed of." These requests were also complied with by the plaintiff. On November 6, 1911, the treasurer again wrote the plaintiff acknowledging receipt of his claim papers, and calling for still further information by way of an attested statement of a notary public that the plaintiff was physically sound and without any hernia prior to the accident. This, too, was furnished. Finally, on November 9, the treasurer sent the plaintiff a check for $25 expressed to be in full settlement, and called attention to certain provisions of the policy to show that this was the amount recoverable. The plaintiff returned the check and brought this suit. The validity of the limitation clause is not and could not be questioned. *Wilson* v. *Aetna Ins. Co.*, 27 Vt. 99; *Morrill* v. *N. E. Fire Ins. Co.*, 71 Vt. 281. It was, however, inserted in the policy for the benefit of the company, and may be waived. *Thompson* v. *Phoenix Ins. Co.*, 136 U. S. 287, 34 L. ed. 408. It stands just like any other such provision in the policy,—no better and no worse. The waiver may be oral or written, express or implied, before or after forfeiture; it requires no new consideration and need not amount to an estop-

pel to be effective.  *Webster* v. *State Mutual Fire Ins. Co.,* 81 Vt. 75.  The facts here relied upon to constitute a waiver were subsequent to the forfeiture, and while one or two isolated cases can be found holding that the waiver must occur within the period of limitation, by the better reason the true rule is that if, in any negotiations with the assured, after knowledge of the forfeiture, the company recognizes the continued validity of the policy, does acts based thereon, or requires the insured by virtue thereof to incur trouble or expense, the forfeiture is, as matter of law, waived, and cannot thereafter be asserted by the company.  And so are the authorities.  *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *Roby* v. *Am. Cent. Ins. Co.,* 120 N. Y. 510; *Cov. Mut. Life Asso.* v. *Baughman,* 73 Ill. App. 544; *DeFarconnet* v. *Western Ins. Co.,* 110 Fed. 405, affirmed, 122 Fed. 448; *Coursin* v. *Penn. Ins. Co.,* 46 Pa. St. 323; *N. E. Mut. Life Ins. Co.* v. *Springate,* (Ky.) 19 L. R. A. (N. S.) 227; *Rundell* v. *Anchor Fire Ins. Co.,* 128 Ia. 575, 25 L. R. A. (N. S.) 20; *Oshkosh Gas Lt. Co.* v. *Germania F. Ins. Co.,* 71 Wis. 454, 5 Am. St. Rep. 233; *Brown* v. *State Ins. Co.,* 74 Ia. 428, 7 Am. St. Rep. 495; *Queen's Ins. Co.* v. *Young,* 86 Ala. 424, 11 Am. St. Rep. 51; *Bonnert* v. *Penn. Ins. Co.,* 129 Pa. St. 558, 15 Am. St. Rep. 739; *Murray* v. *Home Benefit Life Asso.,* 90 Cal. 402, 25 Am. St. Rep. 133; *Knickerbocker Ins. Co.* v. *Norton,* 96 U. S. 234, 24 L. ed. 689; *Webster* v. *St. Mut. Fire Ins. Co.,* 81 Vt. 75, 69 Atl. 319.

This record presents a typical case of waiver under this rule.  It shows in unmistakable terms that the company, with full knowledge, treated the policy as valid; that it acted upon it; and that it required the plaintiff to go to trouble and expense under it, on the assurance that the company would thereupon re-open his case.

But the defendant says that our own cases stand in the way of this result, and calls attention to *Williams* v. *Vt. Mutual Fire Ins. Co.,* 20 Vt. 222; *Wilson* v. *Aetna Ins. Co.,* 27 Vt. 102; *Higgins* v. *Windsor County Mut. Fire Ins. Co.,* 54 Vt. 271, and *Morrill* v. *N. E. Fire Ins. Co.,* 71 Vt. 281.  Of these, only the first-named requires special consideration, for the others are manifestly no authority for the defendant's position.  The Williams case was decided in 1848, and it was held that the cause of action upon the fire policy there involved having become barred by a limitation in the charter of the company could not be revived by an acknowledgment or new promise.  It is apparent

that this decision is predicated upon a theory of insurance contracts which has long been abandoned. But it is not necessary to criticise the case, for it is clearly distinguishable from the case in hand. The limitation there involved was in the charter of the company; here it is in the policy. There the forfeiture was statutory; here it is contractual. There the court regarded the provision as a limitation of the liability; here it must be regarded as a limitation of the remedy. This distinction is pointed out in the case and it was said that it was unnecessary to consider what effect the conduct of the directors would have had in the ordinary case of debt,—thus leaving undecided the very question here involved.

The policy contains a provision which, so far as need be recited, is as follows: "In the event of  *  *  disability  *  * due wholly or in part to, or resulting directly or indirectly from  *  *  * hernia  *  *  * cancer or any chronic disease commencing or appearing after this policy has been maintained in continuous force for sixty days preceding,  *  *  then  *  * the limit of the company's liability shall be one-third of the amount that would otherwise be payable under this policy."

As we have seen, the plaintiff's injury was received on the second day after the policy was issued; one of its immediate results was a hernia. The parties disagree as to the effect of the foregoing provision on the amount recoverable. Construing the language of this paragraph against the company, as we are bound to do, *Brink* v. *Ins. Co.*, 49 Vt. 442, *Mosley* v. *Vt. Mut. Fire Ins. Co.*, 55 Vt. 142, the clause regarding the sixty days relates to and modifies the word "hernia." Indeed, counsel for the defendant so construes it in his brief; and he says that the injury to the plaintiff comes within the excepting clause, "which," he says, "when fairly construed, is this: For disability on account of hernia occurring within sixty days from the date of the policy, no liability on the company; hence no right of action." And if the hernia occurs after the sixty days, one-third indemnity.

But this cannot be so. The clause only mentions hernias which occur after the sixty days; those that occur within the sixty days are not alluded to at all; and so they stand like other injuries. The result is, that for hernia which results within the sixty days, the policy provides full indemnity.

The judgment must be reversed, but it will not be necessary to remand the case, as the record discloses sufficient facts to enable us to render the proper judgment. *Ellis' Admr.* v. *Durkee,* 79 Vt. 341, 65 Atl. 94.

The findings show that the plaintiff was totally disabled for four months and seven days, and partially disabled for five months. His total disability calls for $105.83, and his partial disability for $62.50,—or $168.33 in all. To this should be added interest from October 24, 1908, the date on which the company rejected the claim.

*Judgment reversed and judgment rendered for the plaintiff to recover $168.33 with interest thereon from October 24, 1908.*