FEDERAL GARAGE, INC. *v.* MAURICE PRENNER & TR.

February Term, 1934.

Present: POWERS, C. J:, SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 1, 1934.

*E. Leonard Pearson* for the defendant.

*Edward J. Shea* for the plaintiff.

POWERS, C. J. The defendant left his car at Miner's filling station with instructions to have certain work done on the motor. Miner was unable to do the work, and had it done at the plaintiff's garage. When the defendant took the car back into his possession, he learned from Miner where the work had been done. He made no objection to the work or the price. He did not then, in terms, affirm or disaffirm the contract made in his behalf by Miner. Later, he promised to settle the plaintiff's account. The trial below was by court, and on facts found, judgment passed for the plaintiff. The defendant excepted.

The defendant relies wholly upon the statute of frauds. But no question under that statute is involved. The case turns on the question whether the debt sued on is against the defendant. This depends upon Miner's authority to act for the defendant or upon the defendant's subsequent promise to pay the bill. So, assuming, but not deciding, that the findings do not warrant an inference of authority on the part of Miner to make a binding engagement for the defendant, we take up the question of ratification of the unauthorized contract.

It does not take much to amount to a ratification of such a contract, especially where the person to be charged has taken and enjoyed the benefits thereof. Much less than an express approval or promise will warrant a finding of ratification in such cases. Indeed, in many cases, the acceptance of benefits alone amounts to an implied ratification. But here we have an

express promise to pay made with full knowledge of the facts. No matter whose debt it was before, the defendant made it his own by that promise. A promise so made evidences a ratification; and the ratification relates back to the original transaction and supplies the necessary authority for it. *Martin* v. *Rutledge*, 94 Vt. 258, 261, 110 Atl. 222.

*Judgment affirmed.*