## BARTHELMAS v. FIDELITY–PHENIX FIRE INS. CO.
### No. 266.

Circuit Court of Appeals, Second Circuit.
April 10, 1939.

which covered certain personal property of the plaintiff in Bennington, Vermont, and was in force when that property was destroyed by fire on August 30, 1933. The loss as claimed not having been paid, the plaintiff brought suit on the policy against the defendant in the County Court for the County of Bennington, Vermont. The writ in that suit was dated August 29, 1934, and service of it upon the defendant was had on September 13, 1934. Issue was joined and the cause came on for trial at the December Term, 1934, of the above named court.

The policy contained a clause limiting the time within which any suit or action might be brought for the recovery of any claim under the policy to the period of twelve months next after the fire. Among the defenses pleaded by the defendant was one based upon this limitation clause in the policy. During the proceedings at the trial in the state court some question arose as to the right of the defendant so to plead specially after having entered a general appearance and a motion to strike it out was made. At the hearing upon the motion, the attorney for the defendant waived the special defense so pleaded and the motion was thereupon denied. The trial then continued until a motion was made by the defendant to dismiss the action for failure of the plaintiff to comply with a jurisdictional requirement of the Vermont statutes in respect to the filing of a return the character of which is of no present moment. The motion raised a point which was fatal to that action; was granted; and the suit was dismissed.

The present action was commenced by writ dated November 5, 1935, and served upon the defendant November 7, 1935. The plaintiff is a citizen of Vermont and the defendant is a New York corporation. Jurisdiction is based on diversity of citizenship and the requisite amount is involved. Among the defenses pleaded by the defendant is the above mentioned policy limitation upon the time within which suit might be brought. To this plea the plaintiff filed a replication alleging a waiver of the clause by reason of the previous waiver of a defense based upon the clause in the state suit. The court sustained the replication over the exception of the defendant and the cause went to trial by jury. A verdict for the plaintiff was returned upon which judgment was entered and this appeal followed in due course. The only errors now

Fenton, Wing & Morse, of Rutland, Vt., and Collins M. Graves, of Bennington, Vt., for appellant.

Joseph A. McNamara, of New York City, and Reuben Levin, of Manchester Depot, Vt., for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The defendant issued to the plaintiff a policy of insurance against loss by fire

relied on by the appellant are those involved in, and traceable to, the sustaining of the plaintiff's replication to the special plea.

■ The policy limitation upon the time within which suit to enforce the defendant's obligations under it might be brought was reasonable and therefore valid. Schlitz v. Lowell Mutual Fire Ins. Co., 96 Vt. 334, 119 A. 516; Bates v. German Commercial Accident Co., 87 Vt. 128, 88 A. 532, Ann. Cas.1916C, 447. See, also, Riddlesbarger v. Hartford Fire Ins. Co., 7 Wall. 386, 19 L. Ed. 257. Unless the replication was properly sustained the delay in bringing suit on the policy is a complete defense to this suit. Wilson v. Aetna Ins. Co., 27 Vt. 99; Chichester v. New Hampshire Fire Ins. Co., 74 Conn. 510, 51 A. 545.

■ It is, however, only a contractual limitation and may be waived by the insurer. Bates v. German Commercial Accident Co., supra. And so the precise issue which controls on this appeal is whether or not the waiver of a defense based upon that clause in the state court action by the attorney for the defendant in charge of its defense therein is in legal effect a waiver by the defendant of the provisions of the clause itself; to the end that thereafter the policy should be construed as though there had been no such agreement of limitation at all. Perhaps it would be a bit more accurate to speak of what the defendant's attorney did in the state court action as the withdrawal of a special plea but it brings out the issue clearly to call it a waiver as it was there designated.

■ There is no doubt as to the authority of the defendant's attorney in the state court to take such action in respect to that suit as he determined to be proper and necessary in the defense of that action and in so doing he would bind his client. Barrows v. Wilson, 97 Vt. 26, 121 A. 440; Vail v. Conant, 15 Vt. 314. The client is bound thereby both during the trial, Raptis v. Alexander, 104 Vt. 203, 158 A. 73, and in a second trial of the same action after a reversal on appeal. Hall v. Fletcher, 100 Vt. 210, 136 A. 388. But the binding effect upon the client of what the attorney does is not to be extended beyond the actual or implied authority from his client under which he acts. His ordinary employment does not give him the power to compromise or discharge his client's cause of action before it is satisfied. Penniman v. Patchin, 5 Vt. 346; Carter v. Talcott, 10 Vt. 471.

That requires special authorization. Granger v. Batchelder, 54 Vt. 248, 41 Am.Rep. 846; Brown v. Mead, 68 Vt. 215, 34 A. 950. See, also, Pomeroy v. Prescott, 106 Me. 401, 76 A. 898, 138 Am.St.Rep. 347, 21 Ann.Cas. 574; Precious v. O'Rourke, 270 Mass. 305, 170 N.E. 110.

■ The attorney in this instance, moreover, did not even attempt to exercise any authority except to waive a plea filed in the suit he was defending. There is not the slightest reason for believing that he intended to do more than that. To hold as a matter of law that he did waive in behalf of the defendant the contractual limitation in the policy itself not only extended the attorney's authority beyond what he actually possessed but also beyond what he undertook to exercise. There were reasons apart from any question of a waiver of any part of the contract itself to induce the attorney not to press the plea. The best of them, of course, was the utter lack of jurisdiction because of the failure of the plaintiff to comply with the Vermont statute which made such compliance a condition precedent upon his right to bring such a suit; another was some doubt as to the staleness of the suit since the writ had issued, though it had not been served, within the twelve months following the fire. So it is clear enough that there is no ground for imputing to the attorney any actual intent to waive any part of the contract the defendant had made.

Furthermore, the legal effect of what he did was no greater than what he actually intended to do. He took away from his client any right it may before have had to defend that particular suit in that trial or in any other trial of it upon the ground pleaded and withdrawn or waived but the disability extended no further. Arthur v. Homestead Fire Ins. Co., 78 N.Y. 462, 34 Am.Rep. 550; Howard Ins. Co. v. Hocking, 130 Pa. 170, 18 A. 614.

■ As the present suit was not commenced until long after the limitation in the policy, the plea raising that defense should have been sustained unless this suit is to be treated as a retrial of the former action. Merely to state the proposition is to make the answer obvious.

The former action in the state court suit, dismissed for lack of jurisdiction, was a nullity. Town of Barton v. Town of Sutton, 93 Vt. 102, 106 A. 583; Roy v. Phelps, 83 Vt. 174, 75 A. 13. There never was any

332

state court suit which could be tried again. Strictly speaking no plea was required in it for the court would have been bound to dismiss it sua sponte for lack of jurisdiction upon being made aware of the plaintiff's failure to comply with the statute. Smith et al. v. White's Estate et al., 108 Vt. 473, 188 A. 901. Consequently this suit can only be treated as a separate and distinct action brought on the policy as of the date it was commenced and so too late.

Judgment reversed and cause remanded.