### RADICK et al. v. UNDERWRITERS AT LLOYD'S, LONDON.

No. 8203.

Circuit Court of Appeals, Seventh Circuit.

June 24, 1943.

Rehearing Denied July 16, 1943.

Russell J. Topper, of' Chicago, Ill., for appellant.

David J. Kadyk and Leonard F. Martin, both of Chicago, Ill. (Lord, Bissell & Kadyk, of Chicago, Ill., of counsel), for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

This action, on an insurance policy issued by defendant, was dismissed because the cause of action was barred by a policy limitation period of twelve months within which plaintiffs were required to institute suit against defendant. For plaintiffs, it is argued that this limitation provision was tolled by the absence of the defendant from the State of Ohio, where the cause of action arose.

Plaintiffs were injured on May 10, 1939, while riding on a ferris wheel in an amusement park in Lorain, Ohio. They sued the owners of the park (whom defendant had insured), and on December 9, 1939, recovered judgments of $7,500, $5,000, and $4,500, respectively. Executions on two of the judgments were returned unsatisfied. on April 20, 1940. The instant action was begun, November 5, 1941.

The agent of defendant, Lloyd's of London, had agreed to an insurance binder,. insuring the amusement park owners, on April 15, 1939. The policy itself, was. dated May 16, 1939. The pertinent provisions of the policy are quoted below.[1]

Defendant is an English company that does an extensive business in the United.

---

[1] "(B) *Right of Action.* No action shall lie against the Underwriters by the Assured to recover for any loss under this policy unless it shall be brought after the amount of such loss shall have been fixed or rendered certain by final judgment against the Assured after trial of the issue, and no action shall lie against the Underwriters by the injured person or persons or by any other party or parties, except to enforce the liability of the Underwriters under condition (C)[2] of this Policy and then only after final judgment has been rendered against the Assured, no action shall lie against the Underwriters by the Assured or by any other person or persons or party or parties. unless brought within twelve months after the right of action accrues as herein. provided, except, however, in the event:

States. It is licensed to do business in Illinois, but in no other state. Its policies cover risks in nearly all states. When liability arises or is asserted in any state other than Illinois, claimant is required to bring suit against it in Illinois, and if the action is not brought within one year from its accrual, it is barred.

█ █ We assume, and so hold, that the limitations fixed by the contract, which defendant has inserted in its policy, are valid and control this case. The law is settled, and unless the State of Illinois legislates to protect the policy holders, defendant may hedge its liability so as to make coverage of claimants living outside the State of Illinois, merely theoretical. (The Illinois statute, Ch. 83, Sec. 19, protects non-residents from the running of the statute where the defendant is absent from the State of *Illinois*.) The cause of action was barred after the lapse of one year from the date it accrued, even though defendant's policy covered plaintiffs' injuries and plaintiffs lived in Ohio, and in Ohio the defendant was not licensed to do business and service upon it in Ohio was impossible.

█ This action was brought in Illinois and the one year contractual limitation governs.[3]

The judgment of dismissal must therefore be upheld. But dismissal should not have been on the merits. It should have been on the ground the suit was prematurely brought.

The policy provided that "no action shall lie against the Underwriters by the Assured or by any other person or persons or party or parties unless brought within twelve months after the right of action accrues as herein provided."

Accrual of the cause of action is determined by paragraph B of the policy.

" * * * no action shall lie against the Underwriters by the injured person or persons or by any other party, or parties * * * except to enforce the liability of the Underwriters under condition (E) of this Policy and then only after final judgment has been rendered against the Assured. * * * "

Paragraph E provides that:

"In case execution against Assured on any final judgment covered by this insurance shall be returned 'unsatisfied' by reason of such insolvency or bankruptcy then an action may be maintained by the injured person or his or her personal representative against insurers on this policy in the same manner and to the same extent as Assured, but not in excess of the policy limits."

And finally no action may be maintained "unless brought within twelve months after the right of action accrues as herein provided."

Defendant thus hedged its liability in various ways. Liability arose only if, (a) upon the entry of a final judgment against the assured after trial of the issues; (b) in case execution against said insured on said final judgment shall be returned "unsatisfied by reason of such insolvency or bankruptcy."

The record before us shows that there were final judgments entered against insured in favor of the three plaintiffs. It also shows that execution was issued on two of said judgments but not upon the third judgment.

█ It follows, therefore, that as to this third judgment as to which no execution was issued, the action should be dismissed because prematurely brought. "No right of action" had accrued when suit was brought.

█ As to the other plaintiffs, the action was also prematurely brought although execution had been issued and returned unsatisfied. The policy provided that the

---

that any statutory provision provides for a definite minimum period then the statutory minimum provision shall govern."

"(E) *Insolvency and Bankruptcy.* The insolvency or bankruptcy of the Assured shall not release insurers from any of their obligations assumed hereunder. In case execution against Assured on any final judgment covered by this insurance shall be returned 'unsatisfied' by reason of such insolvency or bankruptcy then an action may be maintained by the injured person or his or her personal representative against insurers on this policy in the

same manner and to the same extent as Assured, but not in excess of the policy limits."

2 (E)

3 Annotation, 23 A.L.R. 97; Riddlesbarger v. Hartford Ins. Co., 7 Wall. 386, 74 U.S. 386, 19 L.Ed. 257; Barthelmas v. Fidelity-Phenix Fire Ins. Co., 2 Cir., 103 F.2d 329; Appel v. Cooper Ins. Co., 76 Ohio St. 52, 80 N.E. 955, 10 L.R.A.,N.S., 674, 10 Ann.Cas. 821; West Digest, Limitation of Actions, ⬤14; Insurance, ⬤620 et seq.

execution must have been "returned unsatisfied by reason of such insolvency or bankruptcy."

The execution in this case was returned merely unsatisfied. It did not appear that the assured was insolvent or bankrupt. The return was unsatisfied but not because the assured was insolvent or bankrupt.

■ It therefore follows that the judgment of dismissal must be modified. Ordinarily, it might make no difference whether the dismissal was for one reason or another. However, in the present case, dismissal was properly entered only because the suit was prematurely brought. The cause of action had not yet accrued. This will not prevent the institution of another action when and if the plaintiffs can show the accrual of a cause of action against defendant. The present dismissal would bar the right of the plaintiffs to bring a new suit.

It is therefore ordered that the judgment be and is modified to provide that the action is dismissed because the suit was prematurely brought. The costs in this court shall be divided equally.